UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
UNITED STATES OF AMERICA,            :
                                     :
            -v-                      :          18cr41 (DLC)
                                     :
CHRISTOPHER ASHE,                    :
                                     :               ORDER
                     Defendant.      :
                                     :
-------------------------------------X

DENISE COTE, District Judge:

    Christopher Ashe has requested compassionate release under Title 18, United States Code, Section 3582(c)(1)(a).  His request is denied.

    On February 27, 2019, Ashe pleaded guilty to one count of possessing a firearm during a narcotics trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).  The Court sentenced him on June 13, 2019 to 60 months' imprisonment, the mandatory minimum sentence for his offense of conviction.  Ashe is now incarcerated at the United States Penitentiary -- Leavenworth.  He is twenty-five years old and he is scheduled for release on September 30, 2022.

    A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden and there are "extraordinary and compelling reasons" warranting a reduced

sentence.[1]   18 U.S.C. § 3582(c)(1)(A)(i).  District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination.  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If the Court concludes that Ashe has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release.  Even if the Court concludes Ashe has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has instructed that the Court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release.  United States v. Jones, No. 20-3698-cr, 2021 WL 5312996, at *2 (2d Cir. Nov. 16, 2021).

Ashe is not entitled to compassionate release because he has not presented an extraordinary and compelling circumstance for release.  He cites as an extraordinary and compelling circumstance his health: namely, he reports that he developed a disorder after contracting and recovering from COVID-19 and

---

[1] Ashe's submission does not indicate whether he exhausted his administrative remedies.  Because his request for compassionate release fails on its merits, it need not be determined whether he satisfied the threshold requirement of exhausting administrative remedies.

undergoing vaccination against COVID-19.  While it is unfortunate that he is suffering from this condition, it is a transient condition and does not qualify as an extraordinary and compelling circumstance warranting compassionate release.

Even if Ashe had presented an extraordinary and compelling circumstance for compassionate release, the § 3553(a) sentencing factors would weigh against it.  Ashe was convicted of possessing a firearm as part of his role in the MacBallas, a violent street gang that distributed narcotics in the Bronx. Despite the seriousness of Ashe's offense, the Court imposed a prison sentence of 60 months, the mandatory minimum sentence for Ashe's offense of conviction.  No further reduction in sentence is warranted.  Accordingly, it is hereby

ORDERED that Ashe's motion for compassionate release is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Ashe a copy of this Order and note mailing on the docket.

Dated:    New York, New York
          November 18, 2021

_____
DENISE COTE
United States District Judge